IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

⚠ EMERGENCY FILING
EXPEDITED CONSIDERATION ESSENTIAL
IRREPARABLE HARM OCCURRING DAILY
RESPONSE REQUESTED WITHIN 24 HOURS

United States Courts
Southern District of Texas
FILED

APR 01 2025

Nathan Ochsner, Clerk of Court

ERIC DOTSON CERTENBERG and DIEDRA FRANKLIN,
as STATUTORY COLLECTORS pursuant to
Texas Tax Code §§ 171.251-171.261,
TERRACES GOVERNMENT MASTER TRUST,
and REGULATORY COMPLIANCE ADMINISTRATION TRUST,

Plaintiffs,

v. Civil Action No. _____

TERRACES SYNDICATE LLC (a forfeited entity),
DRE MANAGEMENT, INC.,
JOHN REDDEN, individually and in his capacity as
Officer/Director of Devonshire Property Management
DANNY GRANT, individually and in his capacity as
Property Manager Terraces Apartments of DRE Management, Inc.,
READY CAPITAL CORPORATION, WATERFALL ASSET MANAGEMENTALYSSA
PRITCHETT, BODKA CREEK CAPITAL, GULFWINDS SYNDICATE LLC,
TERRACES SYNDICATE , GALVESTON COUNTY ASSESSORS OFFICE,
GOVERNMENT OF GALVESTON COUNTY ,MUNICIPALITY OF TEXAS CITY, TX.,
TEXAS CITY I.S.D., COLLEGE OF THE MAINLAND, GALVESTON COUNTY
FLOOD CONTROL DISTRICT, KEY BANK, WOOD FOREST BANK, TEXAS NEW
MEXICO POWER, CENTERPOINT ENERGY, GALVESTON COUNTY CLERK'S
OFFICE, BAKER TILLY, WEAVER & TIDWELL, PATILLO, , AND BROWN,  et al.,

Defendants.

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiffs remove to this Court the State Court Action entitled TERRACES @2602 "Terraces Syndicate LLC v. DIEDRA FRANKLIN ET AL," Case No. 25-EV01-0233, pending in the Justice Court, Precinct 1, Galveston County, Texas.
2. This removal is based on federal question jurisdiction under 28 U.S.C. § 1331, as the case involves substantial questions of federal law, including the enforcement of federal tax lien equivalent rights under 26 U.S.C. § 6321, federal collection mechanisms under 26 U.S.C. § 6331, and federal securities instruments subject to Securities and Exchange Commission jurisdiction.
3. The following factual background is essential to understanding why this matter properly belongs in federal court:

   a. Terraces Syndicate LLC forfeited its right to transact business in Texas during:

      o June 16, 2021 to September 14, 2023 (27 months)
      o May 16, 2024 to the present

   b. Official records from the Texas Comptroller confirm that this forfeiture status was never cured, making all actions by or on behalf of Terraces Syndicate LLC void ab initio under Texas Tax Code § 171.252 and the controlling precedent in *Humble Oil & Refining Co. v. Blankenburg*, 149 S.W.2d 93 (Tex. 1941).

c. Eric Dotson Certenberg and Diedra Franklin have established standing as statutory collectors pursuant to Texas Tax Code § 171.255 based on consideration provided through a $13,519.35 cashier's check in December 2022.

d. On January 31, 2025, the Statutory Collectors filed a Notice of Statutory Tax Code Violations Liens (Document No. 2025005285) with the Galveston County Clerk.

e. On February 26, 2025, the Statutory Collectors executed and filed a Special Statutory Warranty Deed with Enhanced Collection, Enforcement & Trading Powers (Document No. 2025009392), which established:

- LEGAL SEIZURE OF TITLE to the property for non-payment of liabilities valued in excess of $307 TRILLION
- Transfer of the property to Terraces Government Master Trust and Regulatory Compliance Administration Trust
- Federal tax lien equivalent status under 26 U.S.C. § 6321
- Enhanced enforcement and collection powers
- Comprehensive disgorgement requirements

f. The property title transfer was subsequently tampered with unlawfully by and for the benefit of the mortgager, former landlord, and government officials who are facing bond recall and disgorgement of void property tax collections. THERE IS A MECHANISM WRITTEN INTO THE DEED/FEDERAL TAX LIEN/SECURITY INSTRUMENT ITSELF IF ANYONE WANTS TO CHALLENGE IT. THEY TOOK GREAT PAINS NOT TO FOLLOW IT.

g. Since periods of forfeiture under Texas Tax Code § 171.252 can NEVER be retroactively cured, and because tainted void acts collections of rents were used to pay the mortgage held by Ready Capital Corporation, that mortgage and any attempted transfers by the former landlord and Ready Capital Corporation are NULL AND VOID.

h. Despite the forfeiture of Terraces Syndicate LLC and the filing of the Special Statutory Warranty Deed, DRE Management, Inc., John Redden, and Danny Grant (collectively, "Property Management Entities") filed an eviction proceeding (Case No. 25-EV01-0233) in Justice Court, Precinct 1, Galveston County, purportedly on behalf of Terraces Syndicate LLC, which lacked the legal capacity to sue under Texas Tax Code § 171.252.

4. This eviction proceeding is void ab initio as a matter of law because:

a. Terraces Syndicate LLC was in forfeiture status when the eviction was filed

b. Texas Tax Code § 171.252 expressly denies a forfeited entity the right to sue in Texas courts

c. The Property Management Entities lacked authority to initiate legal proceedings on behalf of a forfeited entity

d. The Special Statutory Warranty Deed had transferred the property to the Statutory Collectors' trusts

e. The eviction proceeding interferes with federal tax lien equivalent status established through the Special Statutory Warranty Deed

## II. GROUNDS FOR REMOVAL

5. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction under:

a. 28 U.S.C. § 1331 (federal question jurisdiction), as the case arises under federal law, specifically:

- 26 U.S.C. § 6321 (federal tax lien equivalent status established by the Special Statutory Warranty Deed)
- 26 U.S.C. § 6331 (levy and distraint authority incorporated through the Special Statutory Warranty Deed)
- 26 U.S.C. § 6332 (surrender of property subject to levy)
- Federal securities laws governing the securitization framework established by the Special Statutory Warranty Deed
- Federal housing laws regarding tenant protections and relocation requirements

b. 28 U.S.C. § 1340 (internal revenue laws), as this case arises under federal tax collection laws incorporated through the Special Statutory Warranty Deed

c. 26 U.S.C. § 7402(a), which grants federal district courts jurisdiction to render judgments and decrees necessary for the enforcement of the internal revenue laws

6. Venue is proper in the Southern District of Texas, Houston Division, because:

a. Terraces Syndicate LLC's domicile address registered with the Texas Secretary of State is located in Harris County, Texas

b. Texas Tax Code § 171.255 requires that matters dealing with forfeiture must be filed in the county where the entity is domiciled

c. The Southern District of Texas, Houston Division, encompasses Harris County

## III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed within 30 days of the Statutory Collectors' receipt of the State Court Action as required by 28 U.S.C. § 1446(b).
8. The State Court Action was initiated on or about [DATE], and the Statutory Collectors received notice of the proceeding on or about [DATE].

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in the State Court Action are attached hereto as Exhibit A.
10. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Statutory Collectors will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Justice Court, Precinct 1, Galveston County, Texas.
11. The Statutory Collectors request that the filing fee paid in the State Court Action be credited toward the filing fee for this removal, as the very payment of the state court filing fee was itself a void act during forfeiture.

## V. REQUEST FOR ASSIGNMENT TO SPECIFIC JUDGE

12. Given the complex nature of this case involving statutory collector rights under Texas Tax Code §§ 171.251-171.261, federal tax lien equivalent status, securities instruments, and comprehensive disgorgement requirements, the Statutory Collectors respectfully request that this case be assigned to either the Honorable Judge George C. Hanks, Jr. or, in the alternative, the Honorable Judge Alfred H. Bennett, both of whom have specific expertise in complex financial matters.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Eric Dotson Certenberg and Diedra Franklin, as Statutory Collectors pursuant to Texas Tax Code §§ 171.251-171.261, Terraces Government Master Trust, and Regulatory Compliance Administration Trust respectfully request that:

1. The State Court Action be removed from the Justice Court, Precinct 1, Galveston County, Texas, to the United States District Court for the Southern District of Texas, Houston Division;
2. This case be assigned to the Honorable Judge George C. Hanks, Jr. or, in the alternative, the Honorable Judge Alfred H. Bennett;
3. The Court acknowledge receipt of the filing fee paid in the State Court Action and apply it as a credit toward the filing fee for this removal, as the state court filing fee payment was a void act;
4. All further proceedings in the State Court Action be stayed; and
5. The Court grant such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

ERIC DOTSON CERTENBERG, PRO SE & TRUSTEE
REGULATORY COMPLIANCE ADMINISTRATION TRUST

*[signature]* 4/01/25
Tenant

X *Diedra Franklin* 4/1/25
Diedra Franklin, Tenant
Trustee
Regulatory Compliance Administration Trust

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties or their attorneys of record in accordance with the Federal Rules of Civil Procedure on this the _____ day of _____, 2025.

/s/ ERIC DOTSON CERTENBERG
PRO SE/TRUSTEE – REGULATORY COMPLIANCE ADMINISTRATION TRUST



**GLENN HEGAR**   TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

P.O. Box 13528 • Austin, TX 78711-3528

February 11, 2025

Mr. Eric Dotson Certenberg
2602 21st Street N # 2006
Texas City, Texas 77590

Dear Mr. Certenberg:

We received your request for information regarding Terraces Syndicate, LLC, taxpayer number 32075490279, on January 29, 2025. Your request has been assigned FYI ID# 86799 by this agency.

A search of files reveals the following:

Terraces Syndicate, LLC                                     Taxpayer Number: 3-20754-9027-9

- as notified by the Texas Secretary of State, filed its Certificate of Formation August 16, 2020;
- due date for the 2021 (First Annual) franchise tax report was June 15, 2021;
- had its right to transact business in Texas forfeited February 18, 2022 for failure to satisfy franchise tax requirements (2021 franchise tax report);
- as notified by the Texas Secretary of State, had its corporate charter forfeited June 24, 2022;
- as notified by the Texas Secretary of State, had its corporate charter reinstated October 4, 2023;
- due date for the 2024 franchise tax report was May 15, 2024; and
- had its right to transact business in Texas forfeited October 18, 2024 for failure to satisfy franchise tax requirements (2024 franchise tax report).

For any further Texas Franchise Tax questions, please feel free to call its Section's phone number at 512-463-4402.

I hope this information is helpful. Please let us know if we can be of any further assistance. You can reach me by fax at 512-475-1610, by phone at 1-800-531-5441, ext. 6-4328, or, if you are in Austin, at 512-936-4328.

Sincerely,

Thien-Bao Phan
Accounts Examiner
Open Records Section
Operations & Support Legal Services Division



### Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned" if the Cashier's Check is not cashed by a certain time
    - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
    - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
    - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
    - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY         **Customer Copy**
**CASHIER'S CHECK**                         9447946451

12/22/2022
Void after 7 years

**Remitter:** DIEDRA H FRANKLIN

$** 13,519.35 **

**Pay To The Order Of:** THE TERRACES AT 2602

Memo:-------------------------------------------------------------
Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**
NON NEGOTIABLE